IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL C. TIERNEY, #A0201434, <br><br>　　　　Plaintiff, <br><br>　　vs. <br><br>UNITED STATES OF AMERICA, <br><br>　　　　Defendant. <br>_____ | CIVIL NO. 10-00675 HG/KSC <br><br>ORDER DISMISSING ACTION AND <br>DENYING ALL PENDING MOTIONS |

**ORDER DISMISSING ACTION AND DENYING ALL PENDING MOTIONS**

　　　*Pro se* Plaintiff Michael C. Tierney, a state prisoner confined at the Halawa Correctional Facility has filed a document titled "Motion Under Rule 60(b) of the Federal Rules of Civil Procedure."  The motion was directed to the U.S. Court of Appeals for the Ninth Circuit, which sent it to this court for lack of appellate jurisdiction.  Plaintiff alleges that the appellate court neglected to notify him about an unidentified hearing and has committed fraud for failing to order the National Park Service Rangers to return $5,000 that was allegedly confiscated from him in 1999.

　　　This action is DISMISSED pursuant to 28 U.S.C. §§ 1915A(B) & 1915(e)(2), as frivolous.  This dismissal is without leave granted to amend, and constitutes a strike pursuant to 28 U.S.C. § 1915(g).  The court further finds that Plaintiff has accumulated more than three strikes pursuant to 28 U.S.C.

§ 1915(g), and, because he does not allege imminent danger of serious physical injury, he is also barred from proceeding without concurrent payment of the filing fee.

### I. BACKGROUND

Plaintiff seeks the return of money allegedly illegally confiscated from him during his 1999 arrest in Volcanoes National Park. *See United States v. Tierney*, Cr. No. 99-00527 HG. Plaintiff filed a similar motion in that criminal action, again in *Tierney v. United States*, Civ. No. 08-00543 HG, and again in *Tierney v. United States*, Civ. No. 10-00166 HG.[1] His request has therefore been considered and denied no less than three times in his criminal proceeding, and twice more in these civil actions.

The Court has also reviewed the federal court case electronic database, http://pacer.psc.uscourts.gov, ("PACER"), and discovered that Plaintiff has filed numerous other civil actions in the federal courts that have been dismissed as frivolous or for failure to state a claim. *See e.g., Tierney v. Kupers*, 128 F.3d 1310 (9th Cir. 1997) (finding that Plaintiff has three strikes under 28 U.S.C. § 1915(g)); *Tierney v. Clinton*, 1996 WL 310171 (D.C. Cir. May 28, 1996), *cert. denied*, 519 U.S. 901 (1996), *aff'g Tierney v. Clinton*, Civ. No. 1:95-01268 UNA (dismissing action as frivolous); *Tierney v. United States*, Civ.

---

[1] This Court affirmed the magistrate's denial of that motion, and the Ninth Circuit Court of Appeals affirmed. (*See* Cr. No. 99-00527 HG, Docs 9 & 16.)

No. 08-00326 JMS (D. Haw. 2008) (finding complaint failed to state a claim); *Tierney v. Corliss*, Civ. No. 96-5959 (W.D. Wash. 1997); *Tierney v. Quiggle*, Civ. No. 96-5995 (W.D. Wash. 1997).

## II. **LEGAL STANDARD**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(b) & § 1915A(b).

For screening purposes, the court accepts as true the allegations of the complaint. *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976). "Unless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

//
//
//

### III. DISCUSSION

**A.  Plaintiff's Action is Frivolous**

The court may dismiss the complaint or individual claims when the complaint or claims are duplicative of claims brought in another case. *Cato v. United States,* 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (no abuse of discretion in dismissing action as frivolous under 28 U.S.C. § 1915 where complaint "merely repeats pending or previously litigated claims").

Plaintiff has previously, albeit unsuccessfully litigated his claims for the return of this currency. Plaintiff was notified in 1999 that the currency in question is not in the possession of the U.S. government, and his motion requesting its return was denied. This ruling was affirmed by the Ninth Circuit Court of Appeals. As such, this action is frivolous. It is absolutely clear that Plaintiff cannot amend his claims. This action is DISMISSED with prejudice and without leave to amend, and shall constitute a strike pursuant to 28 U.S.C. § 1915(g).

**B.  Payment of Fees**

Parties filing actions in the United States District Court are required to pay filing fees. 28 U.S.C. § 1914(a). An action may proceed without the immediate payment of a filing fee only upon granting in forma pauperis ("IFP") status. *See* 28 U.S.C. § 1915. Plaintiff has been notified several times that he has at least three strikes under § 1915(g), and may not proceed

IFP unless he alleges that he is in imminent danger of serious physical injury.  Nonetheless, Plaintiff has not submitted the filing fee and his claims do not allege that he is in such danger.

In light of the Court's dismissal of this action, the Court does not order Plaintiff to pay the $350.00 statutory filing fee.  Plaintiff is again NOTIFIED, however, that he may not commence an action in the federal court without either paying the filing fee concurrently with his complaint, or submitting an IFP application that is subsequently granted, based on his credible allegation of imminent danger of serious physical injury.

**C.   All Pending Motions Are Denied**

Plaintiff filed three motions and an informa pauperis application after he filed this action.  Plaintiff moves for an evidentiary hearing, a new trial, appointment of counsel, and indigency status.  (*See* Docs. #4-#6.)  In light of the foregoing, Plaintiff's motions are DENIED.

### IV. CONCLUSION

1.   This action is DISMISSED as frivolous pursuant to 28 U.S.C. §§ 1915A(b) & 1915(e)(2).  This dismissal is without leave to amend and is with prejudice.

2.   This dismissal shall constitute a strike pursuant to 28 U.S.C. § 1915(g).

5

3. All pending motions are DENIED.

4. In light of Plaintiff's litigation history regarding these claims and his failure to concurrently submit the filing fee, Plaintiff shall not be allowed to file anything further in this action **other than a notice of appeal.** The Clerk is DIRECTED to promptly process any notice of appeal, and to RETURN UNFILED any other documents submitted by Plaintiff in this action.

IT IS SO ORDERED.

DATED: December 1, 2010, Honolulu, Hawaii.



/S/ Helen Gillmor

Helen Gillmor
United States District Judge

*Tierney v. United States*, Civ. No. 10-00675 HG/KSC; ORDER DISMISSING ACTION; psas/Screening/DMP/2010/Tierney 10-675 HG